■ KATHY A. LUISI, Respondent-Appellant, v AMERICAN GENERAL LIFE INSURANCE COMPANY OF NEW YORK, Appellant-Respondent. [609 NYS2d 179] —Order, Supreme Court, Nassau County (Joseph Goldstein, J.), entered October 9, 1991, deny-

ing both defendant's motion for summary judgment dismissing the complaint and in its favor on its counterclaims for rescission of a life insurance policy and plaintiff's cross motion for summary judgment for payment of the amounts due under the insurance policy, unanimously affirmed, without costs.

Questions of material fact remain as to the nature of the condition plaintiff's decedent was treated for and as to whether defendant was induced to accept an insurance application it might otherwise have rejected. It is not disputed that at the time plaintiff's decedent applied for the policy, he was being treated for a type of polycythemia, but the record does not establish which type was involved so as to determine whether his condition would have been disregarded, "rated for cause" or constituted the basis for rejection under defendant's medical underwriting manuals. Moreover, there is disagreement as to whether knowledge of the deceased's ongoing phlebotomy treatments would have affected the decision to insure. Plaintiff's expert suggests that phlebotomy treatment is normal for sufferers of "stress" polycythemia. However, defendant's medical director maintains that phlebotomy is an aggressive treatment not normally resorted to except in the case of more serious forms of polycythemia, and that knowledge of the deceased's treatments would have prompted defendant to investigate further into what form of the blood disorder was involved *(see, Smirlock Realty Corp. v Title Guar. Co.,* 70 AD2d 455, 463, *mod on other grounds* 52 NY2d 179). Concur—Rosenberger, J. P., Ellerin, Rubin, Nardelli and Williams, JJ.